UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARCUS ZINMAN,<br><br>        Petitioner,<br><br>    v.<br><br>CALIFORNIA BOARD OF PAROLE HEARINGS,<br><br>        Respondent. | Case No. 1:25-cv-00687-HBK (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES[1]<br><br>(Doc. No. 1) |

Petitioner Justin Marcus Zinman, a state prisoner proceeding pro se, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). The Petition was docketed in the Central District of California on May 19, 2025, and subsequently transferred to the Eastern District of California on June 4, 2025. (*Id*. at 1, 7). To the extent discernable, the Petition challenges the January 16, 2025 Board of Parole's decision denying Petitioner parole.

**APPLICABLE LAW AND ANALYSIS**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Here, in the portion of the Petition addressing exhaustion of state remedies, Petitioner indicates he filed a petition for habeas corpus in the Fifth Appellate Division of the California Court of Appeals with a "date of decision" in 2025 (Case No. F088863). (Doc. No. 1 at 7). The Court takes judicial notice of the California Courts Appellate Courts Case Information online database pursuant to Rule 201 of the Federal Rules of Evidence, which confirms the "completion date" of a habeas corpus petition filed in the Fifth Appellate District on January 29, 2025, but does not list any habeas corpus petitions filed in the supreme court in 2025.[2] In attachments to the Petition, Petitioner also submits (1) an order denying petition for writ of habeas corpus by the Ventura County Superior Court dated May 7, 2025 (*Id*. at 23-24), and (2) a "Notice of Appeal" directed to the Ventura County Superior Court dated May 14, 2025 (*Id*. at 17-22).

---

[2] https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Justin Marcus Zinman" and "Justin Zinman").

2

If Petitioner has not sought relief in the California Supreme Court on the same grounds raised in the Petition, the Court cannot proceed to the merits of his habeas claims. *See* 28 U.S.C. § 2254(b)(1). Accordingly, Petitioner is directed to show cause why the instant Petition in this case should not be dismissed without prejudice for failure to exhaust state remedies. If Petitioner concedes his claims raised in the current Petition are not exhausted, he may alternatively file a Notice of Voluntary Dismissal under Federal rule of Civil Procedure 41. Petitioner may then refile a new habeas petition after his claims are exhausted.

If Petitioner has presented all of his claims raised in the Petition to the California Supreme Court, he should provide proof of that filing to the Court, including, if possible, a copy of the Petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was filed in the California Supreme Court.

Accordingly, it is **ORDERED**:

1. Petitioner must SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies. Petitioner must deliver his response to this Show Cause Order to correctional officials for mailing **no later than July 16, 2025**.

2. In the alternative, by the same date, Petitioner may file a notice to voluntarily dismiss the Petition without prejudice, in order to return to state court and exhaust his remedies.

3. Failure to timely to respond to this show cause order will result in the recommendation that this action be dismissed either as a sanction for failure to comply with a court order or prosecute this action consistent with Local Rule 110 and/or for failing to exhaust administrative remedies.

Dated:   June 25, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE