1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUSTIN MARCUS ZINMAN,                    Case No.   1:25-cv-00687-HBK (HC)

12                  Petitioner,               ORDER TO ASSIGN DISTRICT JUDGE

13        v.                                  FINDINGS AND RECOMMENDATIONS TO
                                              DISMISS PETITION[1]
14   CALIFORNIA BOARD OF PAROLE
     HEARINGS,                                FOURTEEN-DAY OBJECTION PERIOD
15
                   Respondent.                (Doc. No. 1)
16

17

18

19

20          Petitioner Justin Marcus Zinman, a state prisoner proceeding pro se, has pending a petition

21   for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1, "Petition").  This matter is before

22   the Court for preliminary review.  *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243.

23   Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the

24   petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

25   *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  Courts have "an active role in

26   summarily disposing of facially defective habeas petitions" under Rule 4.  *Ross v. Williams*, 896

27

28   _____

     [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

1   F.3d 958, 968 (9th Cir. 2018) (citation omitted).  As more fully set forth herein, based on the facts

2   and governing law, the undersigned recommends that the Petition be dismissed for failure to

3   exhaust state remedies.

4                                    **I.  BACKGROUND**

5           Petitioner initiated this case by filing the instant Petition, which was docketed in the

6   Central District of California on May 19, 2025 and subsequently transferred to the Eastern

7   District of California on June 4, 2025.  (Doc. Nos. 1, 7).  To the extent discernable, the Petition

8   raises three grounds for relief related to the January 16, 2025 Board of Parole's decision denying

9   him parole: (1) there was no "reasonable nexus for considering the subject of parole as

10  dangerous/violent/criminal"; (2) the Board of Parole failed to apply "controlling legal principles";

11  and (3) California Code of Regulations § 2449.4 and/or § 2449.5 are unconstitutional as applied

12  under state and federal law.  (Doc. No. 1 at 3-5).  Included with the Petition is a copy of the

13  January 16, 2025 Board of Parole decision denying Petitioner parole, a copy of the Ventura

14  County Superior Court's May 7, 2025 Order denying the state petition for writ of habeas corpus

15  because it fails to state a prima facie claim for relief, and a "Notice of Appeal" directed to the

16  Ventura County Superior Court dated May 14, 2025.  (Doc. No. 1 at 12-24).

17          On June 25, 2025, the Court ordered Petitioner to show cause why the Petition should not

18  be dismissed for failure to exhaust state remedies.  (Doc. No. 13).  On July 17, 2025, Petitioner

19  responded by asking the Court to excuse exhaustion.  (Doc. No. 14).

20                          **II.  APPLICABLE LAW AND ANALYSIS**

21          A petitioner in state custody who wishes to proceed on a federal petition for a writ of

22  habeas corpus must exhaust state judicial remedies.  *See* 28 U.S.C. § 2254(b)(1).  Exhaustion is a

23  "threshold" matter that must be satisfied before the court can consider the merits of each claim.

24  *Day v. McDonough*, 547 U.S. 198, 205 (2006).  The exhaustion doctrine is based on comity and

25  permits the state court the initial opportunity to resolve any alleged constitutional deprivations.

26  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

27  To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full

28  and fair opportunity to consider each claim before presenting it to the federal court.  *See*

1  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

2  The burden of proving exhaustion rests with the petitioner.  *Darr v. Burford*, 339 U.S. 200, 218

3  (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)).  A failure to

4  exhaust may only be excused where the petitioner shows that "there is an absence of available

5  State corrective process" or "circumstances exist that render such process ineffective to protect

6  the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see also Hendricks v. Zenon*, 993

7  F.2d 664, 672 (9th Cir. 1993) (directing that exhaustion should be excused only "in rare cases

8  where exceptional circumstances of peculiar urgency are shown to exist."); *Ducksworth v.*

9  *Serrano*, 454 U.S. 1, 3 (1981) ("An exception is made only if there is no opportunity to obtain

10  redress in state court or if the corrective process is so clearly deficient as to render futile any

11  effort to obtain relief.").

12          Here, as noted in the Court's June 25, 2025 Order to Show Cause, Petitioner indicated he

13  filed a petition for habeas corpus in the Fifth Appellate Division of the California Court of

14  Appeals with a "date of decision" in 2025 (Case No. F088863).  (Doc. No. 1 at 7).  The Court

15  took judicial notice of the California Courts Appellate Courts Case Information online database

16  pursuant to Rule 201 of the Federal Rules of Evidence, which confirms the "completion date" of a

17  habeas corpus petition filed in the Fifth Appellate District on January 29, 2025, but does not list

18  any habeas corpus petitions filed in the state supreme court in 2025.[2]

19          In response to the Court's Order to Show Cause, Petitioner does not contend that he

20  presented his claims to the California Supreme Court.  Rather, Petitioner argues the Court should

21  excuse the exhaustion requirement because the State of California "hates him" and has "the

22  objective purpose of denying [him] of federally protected rights."  (Doc. No. 14 at 1-2).

23  However, Petitioner offers no evidence to support his arguments concerning bias or prejudice

24  against him by the "State of California," nor does he show any lack of opportunity to obtain

25  redress in state court or specific deficiencies in the state corrective process.  *See Ducksworth*, 454

26  U.S. at 3.  Thus, the Court finds no grounds to excuse the exhaustion requirement.

27  _____

28  [2] https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Justin Marcus Zinman" and "Justin Zinman").

1   Because it appears Petitioner has failed to exhaust his claims, the undersigned

2   recommends that the Court dismiss the Petition for failure to exhaust state remedies.  If Petitioner

3   presented his claim to the California Supreme Court, he should provide proof of this filing to the

4   court in his objections to these findings and recommendations.

5   ### III.  CERTIFICATE OF APPEALABILITY

6   State prisoners in a habeas corpus action under § 2254 do not have an automatic right to

7   appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36

8   (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2);

9   *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a

10  certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule

11  22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court

12  denies habeas relief on procedural grounds without reaching the merits of the underlying

13  constitutional claims, the court should issue a certificate of appealability only "if jurists of reason

14  would find it debatable whether the petition states a valid claim of the denial of a constitutional

15  right and that jurists of reason would find it debatable whether the district court was correct in its

16  procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar

17  is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

18  could not conclude either that the district court erred in dismissing the petition or that the

19  petitioner should be allowed to proceed further."  *Id*.  Here, reasonable jurists would not find the

20  undersigned's conclusion debatable or conclude that petitioner should proceed further.  The

21  undersigned therefore recommends that a certificate of appealability not issue.

22  Accordingly, it is **ORDERED**:

23  The clerk of court is directed to assign this case to a district judge for the purposes of

24  reviewing these findings and recommendations.

25  It is further **RECOMMENDED**:

26  1.  The Petition (Doc. No. 1) be DISMISSED for failure to exhaust state remedies.

27  2.  Petitioner be denied a certificate of appealability.

28

4

1

**NOTICE TO PARTIES**

2          These Findings and Recommendations will be submitted to the United States District

3    Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

4    after being served with a copy of these Findings and Recommendations, a party may file written

5    objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned,

6    "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

7    **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party

8    wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

9    CM/ECF document and page number, when possible, or otherwise reference the exhibit with

10   specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

11   the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

12   636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

13   waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

14

15   Dated:    July 21, 2025

16                                                    HELENA M. BARCH-KUCHTA
                                                      UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28