**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN MARCUS ZINMAN, | Case No. 1:25-cv-0687 KES HBK (HC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO ALTER OR AMEND JUDGMENT AND DENYING MOTION TO REOPEN CASE |
| v. | |
| CALIFORNIA BOARD OF PAROLE HEARINGS, | Docs. 20, 21 |
| Defendant. | |

Justin Marcus Zinman proceeded with a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the decision of the Board of Parole to deny parole.  The Court found Zinman had not exhausted his state remedies and dismissed the petition on August 28, 2025.  Docs. 16, 18.  Zinman now seeks reconsideration of the Court's order and moves to reopen the action.  Docs. 20, 21.  For the reasons set forth below, the requests are **DENIED**, and the action will remain closed.

**I.      BACKGROUND**

The Court conducted a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases and found that, based upon the information provided in the petition and available on the California Courts Appellate Courts Case Information online database, it appeared Zinman had not exhausted his state remedies.  Doc. 13 at 1-3.  The Court ordered Zinman to show cause as to why the petition should not be dismissed as unexhausted.  *Id.* at 3.  Zinman responded by

acknowledging that he did not exhaust his remedies and requesting "that this Court excuse exhaustion" because the State of California "hates him" and has "the objective purpose of denying [him] of federally protected rights."   Doc. 14 at 1, 2 (emphasis omitted).

On July 21, 2025, the magistrate judge issued findings and recommendations, recommending the Court dismiss the petition for failure to exhaust state remedies.  Doc. 16. Zinman filed objections, continuing to argue the state is biased against him.  Doc. 17.  The Court reviewed the matter de novo and found the findings and recommendations were "supported by the record and proper analysis."  Doc. 18 at 2.  The Court dismissed the petition and closed the matter on August 28, 2025.  Docs. 18, 19.

On September 19, 2025, Zinman filed a "motion for Rule 60 relief."  Doc. 20.  Zinman also filed a motion to reopen the action on February 5, 2026.  Doc. 21.

## II.    RECONSIDERATION

Relief from an order issuing a final judgment may be granted under Federal Rule of Civil Procedure 59(e) or 60(b). *See, e.g.*, *Langley v. Well Path Med.*, 2020 WL 243228, at *1 (E.D. Cal. Jan. 16, 2020).  Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  When a motion for relief from an order or judgment is filed within the prescribed time, it should be considered a motion for reconsideration pursuant to Rule 59(e).  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 888–89 (9th Cir. 2001).  Otherwise, the motion is treated as a Rule 60(b) motion for relief from a judgment or order.  *Id.*  Under either rule, reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted).

### A.    Motion under Rule 59

The order dismissing this case was entered on August 28, 2025, and Zinman filed his motion for relief less than 28 days later, on September 15, 2025. *See* Docs. 18, 20.  Therefore, his first motion is properly treated as a Rule 59(e) motion to alter or amend a judgment.  *See Am. Ironworks & Erectors*, 248 F.3d at 888–89.

2

"A motion to amend judgment [under Rule 59(e)] may only be granted where: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (cleaned up).

To the extent discernable, Zinman argues he received "new reliable evidence which supports a claim of prejudice/bias." Doc. 20 at 1. Zinman attaches minute orders and a notice of electronic filing from several actions filed in the Central District of California, and a "tax due" notice dated June 11, 2025. *See id*. at 10-20. Zinman restates the arguments made in his petition, in his response to the order to show cause, and in his objections to the Findings and Recommendations that the State of California is biased against him.

Zinman does not show any error of law or fact related to the relevant finding by the Court that he failed to exhaust his state remedies, which was the basis for dismissal. He also does not identify "new evidence" to demonstrate exhaustion, or any new legal basis to excuse his failure to exhaust his state remedies. *See* Doc. 16, 18. For these reasons, relief under Rule 59(e) is not appropriate.

### B.    Motion under Rule 60

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final order or judgment "for the following reasons":

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) motions are largely addressed to the discretion of the district

court.  *See Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir. 1975); *Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL-CIO*, 448 F.2d 729, 730 (9th Cir. 1971).

In the motion filed February 5, 2026, Zinman renews his argument that the Court should excuse exhaustion due to the alleged bias of the State of California.  *See generally* Doc. 21 at 1-3. But Zinman again fails to show he exhausted his state remedies.  *See, e.g., Al-Khafaji v. Koenig*, 2021 WL 6126930, at *3 (N.D. Cal. Dec. 28, 2021) (dismissing a petition asserting bias by the parole board as unexhausted because "Petitioner should first exhaust this claim of bias in the state courts [before] filing a federal habeas petition seeking relief").  Ziman does not now argue that he complied with the exhaustion requirements or identify any new facts warranting relief for the reasons identified under Rule 60(b).[1]

**III.    CONCLUSION AND ORDER**

Based upon the foregoing, the Court **ORDERS**:

1.    Plaintiff's motion for relief, dated September 15, 2025 (Doc. 20), is **DENIED**.

2.    Plaintiff's motion to reopen the case, dated February 5, 2026 (Doc. 21), is **DENIED**.

3.    The action shall remain **CLOSED**, and no further motions for reconsideration will be considered in this closed case.

IT IS SO ORDERED.

Dated:    April 22, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1]For this reason, the related request for injunctive relief is denied.